Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5574 | **DATE** | 11/13/2003 |
| **CASE TITLE** | Wycha vs. Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, the petitioner's amended petition for a writ of habeas corpus is denied. Enter Memorandum Opinion and Order. Case closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 14 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | /2 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/13/2003 | |
| | | | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | MF mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRZEJ WYCHA, and<br>AGATA WYCHA,<br><br>Petitioners,<br><br>v.<br><br>JOHN ASHCROFT, Attorney General of<br>the United States, TOM RIDGE,<br>Secretary for the United States Department of<br>Homeland Security, and<br>DEBORAH ACHIM, Interim Field Office<br>Director, Department of Homeland Security,<br>Bureau of Immigration and<br>Customs Enforcement,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 02 C 5574<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Now before the Court is the Petitioners' Amended Petition for a Writ of Habeas Corpus. For the reasons that follow, the Writ of Habeas Corpus is denied.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Petitioner Andrzej Wycha is a native Polish citizen. Petitioner Agata Wycha, a lawful permanent resident of the United States who subsequently became a United States citizen, is the wife of Andrzej Wycha. Hereinafter, the term "Petitioner" will only refer to Andrzej Wycha.

Respondent John Ashcroft is the Attorney General of the United States, whose duty is the administration and enforcement of all functions, powers, and duties of the Bureau of Immigration and Customs Enforcement ("the Bureau"). Respondent Tom Ridge is the Secretary of the

Department of Homeland Security ("Department"), whose duty is the enforcement and administration of all functions, powers, and duties of the Department. Respondent Deborah Achim is the Assistant District Director of the deportation branch of the Bureau in Chicago. The Respondents are being sued only in their official capacities.

Petitioner entered the United States in March of 1997 and was entitled to remain as a visitor until September of 1997. Petitioner did not leave the United States at that time and overstayed his visa eligibility. On June 8, 1998, a notice to appear before an immigration judge was issued for the Petitioner in Buffalo, New York. On October 17, 1998, Petitioner married Agata Wycha. On November 18, 1998, the matter was transferred to Chicago, Illinois. The matter was set for hearing on March 30, 1999.

On or around February 1, 1999, Agata Wycha filed an I-130 visa petition on behalf of her husband, the Petitioner. An alien, like the Petitioner, who seeks an immigrant visa because of a family relationship must have the relevant family member file an I-130 petition on his behalf. After the proper immigration authorities approve the I-130, the alien may then file an I-485 adjustment of status application when the required immigrant visa becomes immediately available. *See generally Drax v. Reno*, 338 F.3d 98, 114 (2d Cir. 2003).

At the hearing on March 30, 1999, the matter was continued so that the Immigration and Naturalization Service ("INS") could adjudicate the visa petition. The Petitioner was then issued a notice to appear before an immigration judge on December 7, 1999. At the December hearing, the immigration judge denied the Petitioner's request for a continuance. Instead, the immigration judge granted the Petitioner the option to voluntarily depart the United States by April 5, 2000. If the Petitioner failed to voluntarily depart the United States by April 5, 2000, he would then be

subject to an alternate order of removal. In exchange for the voluntary departure, the Petitioner agreed to waive his right to appeal the deportation order.

On April 4, 2000, the Petitioner and Agata Wycha were called to the Chicago District Office of the INS for an interview on April 4, 2000. The INS officer did not approve the I-130 at the interview. Thereafter, the Petitioner remained in the country after April 5, 2000, despite his agreement to voluntarily depart the United States. Because the Petitioner did not leave the United States, he became subject to removal from the country.

On May 25, 2001, the Petitioner received a letter from INS informing him that the I-130 petition was denied for lack of prosecution because he failed to appear at the scheduled I-130 interview. The letter, however, contained information pertaining to another I-130 applicant. On July 31, 2001, the Petitioner filed a petition for a writ of mandamus with the United States District Court for the Northern District of Illinois, requesting that his I-130 petition be granted.

The writ of mandamus was issued on December 13, 2001. The Petitioner and his wife, Agata Wycha, were called to a second interview on January 9, 2002. The I-130 petition was granted at this interview. After the I-130 petition was granted, the Petitioner requested that INS file a joint motion with the Petitioner to reopen the deportation proceedings. INS declined to join in the joint motion.

On August 4, 2003, the Petitioner received a "bag and baggage" letter from the INS.[1] On September 30, 2003, the Petitioner went to the offices of the Bureau to comply with the bag and

---

[1] A "bag and baggage" letter is used by the INS to direct aliens to appear for deportation. *See generally Hernandez v. Reno*, 238 F.3d 50, 53 (1st Cir. 2001).

baggage letter. The Petitioner was immediately taken into custody and is subject to deportation on November 17, 2003.

## ANALYSIS

The Petitioner contends that the Respondents violated his due process rights because of their affirmative misconduct in failing to timely adjudicate his I-130 visa petition. "[T]he district courts . . . have jurisdiction under 28 U.S.C. § 2241 to entertain habeas corpus petitions based on pure questions of law." *Gomez-Chavez v. Perryman*, 308 F.3d 796, 800 (7th Cir. 2002).

Here, the Petitioner contends that the Respondents failed to adjudicate the I-130 visa petition by the December 7, 1999 hearing date. Therefore, according to the Petitioner, he was forced to accept the voluntary departure order instead of being able to obtain a further continuance of his deportation proceedings so that he could apply for lawful permanent resident status. In addition, the Petitioner also asserts that, because the Respondents failed to so adjudicate the I-130 petition, he was unable to reopen his deportation proceeding before April 5, 2000. As a result of the failure to adjudicate the I-130 petition before these two dates, the Petitioner argues that he was denied his due process rights because he could not apply for alternate forms of relief.

However, "visa applicants have no vested right in the issuance of visas." *De Avilla v. Civiletti*, 643 F.2d 471, 477 (7th Cir. 1981); *cf. Gomez-Chavez*, 308 F.3d at 800 (explaining that the immigration officials' refusal to take an action, such as refusing to adjudicate visa petition, is unreviewable under 8 U.S.C. § 1252(g)). In addition, visa applicants "have no liberty interest in remaining in [the United States] in violation of applicable United States law." *Gomez-Chavez*, 308 F.3d at 801.

4

In this case, the Petitioner and his wife were scheduled for an I-130 interview on April 4, 2000. The Petitioner did not have a constitutionally protected interest in having the I-130 petition granted on that day. On April 5, 2000, the Petitioner was required to voluntarily depart the United States. The Petitioner could have complied with his voluntary departure agreement and then pursue the visa application process from abroad. As the Petitioner concedes in his response, this route would have prevented the Petitioner from being subject to the bars of a removal order. Instead, the Petitioner chose to remain in the United States; in doing so, he violated the conditions of his voluntary departure order. At that point, he became subject to the alternate remedy of removal pursuant to the agreed order. Therefore, the Petitioner has no liberty interest in remaining in the United States past his voluntary deportation date.

Finally, the Petitioner claims that his due process rights were violated because the Respondents were guilty of affirmative conduct by failing to adjudicate the I-130 petition in a timely manner. However, "[p]roof only that the Government failed to process promptly an application falls far short of establishing [affirmative misconduct]." *INS v. Miranda*, 459 U.S. 14, 19 (1982); *see also Bothyo v. INS*, 783 F.2d 74, 76 (7th Cir. 1986) (holding that an eleven-month delay in processing an appeal, when the alien took no action to prosecute the appeal, was not unreasonable).

Here, the Petitioner and his wife were not interviewed for the I-130 petition for fourteen months. Nothing on the record before the court shows whether: (1) a fourteen-month processing time for an I-130 petition is atypically long; or (2) the Petitioner and his wife actively pursued the I-130 claim. Therefore, it cannot be said that the Respondents' failure to adjudicate the I-130 petition within fourteen months – from the time the I-130 petition was filed until April 5, 2000,

when the Petitioner was required to voluntarily depart from the United States – was so unreasonable that it amounted to affirmative misconduct.

## **CONCLUSION**

For the foregoing reasons, the Petitioners' Amended Motion for a Writ of Habeas Corpus is denied.

Dated: November 13 2003

JOHN W. DARRAH
United States District Judge